```
STATE OF INDIANA      )
                      ) SS:
COUNTY OF ALLEN       )
```

FILED
02D01-0904-PL-122
IN THE ALLEN SUPERIOR COURT
2009 APR -1
CAUSE NO.: 02D01-0904-__

CLERK ALLEN CIRCUIT
AND SUPERIOR COURTS

```
RAYMOND F. DANIELS, III,              )
                                      )
     Plaintiff,                       )
                                      )
v.                                    )
                                      )
MICHIANA METRONET, INC.,              )    COMPLAINT
d/b/a CENTENNIAL WIRELESS             )
and CENTENNIAL                        )
COMMUNICATIONS,                       )
                                      )
     Defendant.                       )
```

Comes now Plaintiff, Raymond F. Daniels, III, by counsel, and for his complaint against Defendant states as follows:

1. Plaintiff is an individual, over the age of eighteen (18), and a resident of Allen County in the state of Indiana.

2. Defendant is an Indiana corporation with offices in Allen County, Indiana.

3. Plaintiff was employed by Defendant from approximately July of 2008 through February 28, 2009.

4. Plaintiff was employed as a salesperson and worked solely at Defendant's retail location in Decatur, Indiana.

5. Defendant terminated Plaintiff's employment effective February 28, 2009.

## COUNT I
### Unpaid Overtime

6. Paragraphs 1-5 are incorporated herein by reference.

7. Federal law, including, 29 USC §207, requires that a nonexempt employee be paid time and one half for all overtime in excess of 40 hours per week.


EXHIBIT 2

8. Plaintiff was required to work overtime during most weeks he was employed with Defendant.

9. Defendant only paid Plaintiff one half of his regular hourly wage rate for overtime as opposed to time and one half, citing the exemption under the Federal fluctuating work week standard.

10. Defendant failed to meet the requirements of the fluctuating wage rate standard for several reasons including, but not limited to, failure to have a clear understanding with Plaintiff that he would be paid a fixed weekly salary even if he worked fewer than 40 hours, and failure to actually pay a fixed weekly salary.

11. As a specific example of Defendant's failure to satisfy the fluctuating wage rate requirement, the attached Exhibit A is a copy of Plaintiff's final pay stub, reflecting pay for only 39.5 hours during his last week of employment, as opposed to the full 40 hours of pay that would have been required to meet fluctuating wage rate standards.

12. As a second specific example of Defendant's failure to meet the fluctuating wage rate requirements, attached as Exhibit B is a copy of a portion of Defendant's employee handbook, which specifically states "you will be paid straight time (i.e. regular hourly rate of pay) for all hours worked up to the 40th hour in any given workweek."

13. Upon information and belief, Plaintiff worked approximately 200 overtime hours during his period of employment with Defendant.

14. Based on Plaintiff's hourly rate of $10.096 per hour, Plaintiff is due and owing from Defendant the approximate amount of $2,019.20.

15. Federal law (29 USC §216) provides for additional damages in an amount equal to the actual damages for unpaid overtime, bringing Plaintiff's total claim to $4,038.40.

16. Federal law (29 USC §216) also requires Defendant to pay all reasonable attorney's fees and costs in addition to any judgment awarded to the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment

2

in his favor and against Defendant in the approximate amount of $4,038.40, or such other amount as may be proven at trial, for reasonable attorney fees and costs incurred by Plaintiff, and for all other just and proper relief.

## COUNT II
### Indiana Statutory Penalties for Unpaid Wages

17. Paragraphs 1-16 are incorporated herein by reference.

18. Defendant failed to pay Plaintiff all wages due as of his termination from employment with Defendant as required under I.C. 22-2-9.

19. Indiana law (I.C. 22-2-5 and I.C. 22-2-9) effectively requires treble damages plus reasonable attorney's fees and costs for claims involving unpaid wages.

20. Under Indiana law Plaintiff's claim for unpaid overtime would therefore be approximately $6,057.60, plus reasonable attorney's fees and costs.

21. In the alternative, and in order to avoid duplication of claims, if Plaintiff's claim is awarded under Count I above, the additional damages required under Indiana law would be only $2,019.20 more.

WHEREFORE, Plaintiff respectfully requests that this Court grant judgment in favor of Plaintiff and against Defendant in the amount of $6,057.60 plus reasonable attorney's fees and costs (or such lesser amount required to avoid duplication with Count I above), and for all other just and proper relief.

## COUNT III
### Retaliatory Termination

22. Paragraphs 1-21 are incorporated herein by reference.

23. Plaintiff was subjected to a hostile work environment during his term of employment with Defendant. Defendant's employees, including, but not limited to Justin Smith, subjected Plaintiff to harassment involving physical touching with sexual overtones.

24. Plaintiff notified his manager, Joseph Ammerman, in or around

November, 2008, that he was being subjected to harassment during work hours at Defendant's place of business.

25. Despite Plaintiff's notification to his manager, and the manager's actual witnessing of the harassment, the harassment continued.

26. In or around January, 2009, Plaintiff notified his district manager, Trent Schott, that he was being subjected to the above-described harassment during work hours at Defendant's place of business.

27. Despite Plaintiff's notification to the district manager, the harassment continued.

28. In or around February, 2009, Plaintiff notified Matthew Gearhart, within Defendant's human resources department, that he was being subjected to the above-described harassment during work hours at Defendant's place of business.

29. Despite Plaitiff's notification to the human resources department, the harassment continued.

30. On February 28, 2009, Defendant terminated Plaintiff's employment with Defendant without cause and as retaliation for Plaintiff's accusations of harassment by Defendant's employees.

31. In the event of proof of retaliatory termination, Indiana law requires actual damages in an amount equal to the difference between Plaintiff's actual pay (through alternate employment) and the amount he would have received if retained by Defendant for a reasonable time.

32. Plaintiff's actual damages are ongoing and cannot be precisely quantified at this time.

33. In addition, Plaintiff is entitled to punitive damages in the event of proof of his claim for retaliatory termination.

34. Plaintiff proposes punitive damages in an amount equal to three times Plaintiff's actual damages under this Claim III and for all reasonable attorney's fees and costs incurred in pursuit of this matter.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment

in his favor and against Defendant in an amount to be determined for actual and punitive damages related to retaliatory termination, and for all other just and proper relief.

Respectfully submitted,

_____
BRIAN M. SIMPSON, Atty. No. 20372.02
Shambaugh, Kast, Beck & Williams, LLP
229 W. Berry Street, Suite 400
P.O. Box 11648
Fort Wayne, Indiana 46859-1658
Telephone: (260) 423-1430
Attorney for Plaintiff

## JURY DEMAND

Comes now Plaintiff, by counsel, and requests trial by jury.

_____
BRIAN M. SIMPSON

P:\WORK\BMS\Daniels\Complaint.wpd

5

# Earnings Statement

**CO. FILE DEPT. CLOCK NUMBER**
CDX 008142 0000B1 0060989008 1

027-0002

CENTENNIAL COMMUNICATIONS
3319 R 138 BLDG A
WALL TOWNSHIP, NJ 07719

Period Ending: 03/07/2009
Pay Date: 03/13/2009

Taxable Marital Status: Married
Exemptions/Allowances:
 Federal: 1
 IN: 0

Social Security Number: XXX-XX-2874

RAYMOND F DANIELS
4020 KINGSBROOK WAY
FORT WAYNE, IN 46818

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 10.0960 | 31.50 | 318.02 | 3,952.57 |
| Holidays | 10.0960 | 8.00 | 80.77 | |
| Vacation | 10.0960 | 48.00 | 484.61 | |
| Other Bonus | | | | 250.00 |
| Sliding Scale 1 | | | | 41.23 |
| Sliding Scale 2 | | | | 97.21 |
| **Gross Pay** | | | **$883.40** | 5,310.24 |

| Deductions | | |
|---|---|---|
| Statutory | | |
| Federal Income Tax | -11.96 | 221.75 |
| Social Security Tax | -54.77 | 329.23 |
| Medicare Tax | -12.81 | 77.00 |
| IN State Income Tax | -29.43 | 176.94 |
| Allen R Income Tax | -8.66 | 52.04 |
| Other | | |
| 401K | -17.67* | 106.20 |
| **Net Pay** | **$748.10** | |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| 401Kel | 883.40 | |

* Excluded from federal taxable wages
Your federal taxable wages this period are $865.73

Exhibit A

and deductions withheld. Your net pay will be available to you in your bank account on payday.

## 6. Recording Time Worked

**Nonexempt Associates:**
As a nonexempt associate, you must record the hours you actually worked each day and indicate when you took your meal break so that Centennial can pay you for the hours you worked. At the end of each workweek, you must sign your time sheet and have it approved by your immediate supervisor. Holiday, vacation and sick hours must also be recorded.

**Exempt Associates:**
As an exempt associate, you need to keep accurate records of holiday, vacation and sick days or half-days only. Such records must be approved by your immediate supervisor.

> Recording another associate's time or letting another associate record your time is a violation of policy.

Falsifying your work records in any way is grounds for termination.

Failure to prepare a time sheet or time card may result in a delay in preparing your paycheck.

## 7. Overtime For Nonexempt Associates

Periodically, additional hours of work may be required to meet business pressures and customer demands.

Generally, nonexempt associates will receive pay for approved overtime work as follows:

> ● You will be paid straight time (i.e. regular hourly rate of pay) for all hours worked up to the 40th hour in any given workweek.

> ● Generally, you will be paid time and one-half your hourly rate of pay for the hours you work in excess of the 40 hour workweek, or as otherwise required by law. Certain nonexempt positions (i.e. inside sales representatives) are paid overtime on a sliding scale. See your compensation agreement or manager for more details.

> ● Hours worked for overtime calculation include actual time worked. Company holidays and floating holidays, other paid absences such as approved vacation days, sick leave, funeral leave, jury duty, military leave and disability *do not count* towards hours worked for total.

As a nonexempt associate who received overtime pay for working extra hours, you are not eligible for compensatory days.

Overtime must be pre-approved by your supervisor. Also, you may not start early, work late, take work home, work through your lunch period or work overtime without your manager's approval.

## 8. Call Out Payments

Nonexempt associates called out to work while on standby will receive payment in accordance with the overtime policy. Call out hours are considered "time worked" for overtime purposes.

18                                    Exhibit B

