IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RAYMOND F. DANIELS, III | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO.:  1:09-cv-00121-WCL-RBC |
| | ) |
| MICHIANA METRONET, INC. d/b/a | ) |
| CENTENNIAL WIRELESS and | ) |
| CENTENNIAL COMMUNICATIONS, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS
COUNT II AND COUNT III OF PLAINTIFF'S COMPLAINT
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant, Michiana Metronet, Inc. d/b/a Centennial Wireless and Centennial Communications (hereinafter "Centennial"), by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submits this brief in support of its *Motion to Dismiss Count II and Count III of Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted.*

**I. INTRODUCTION**

Plaintiff, Raymond F. Daniels, III, (hereinafter "Daniels"), a former employee of Centennial, filed a three count complaint in the Superior Court of Allen County.  Centennial removed the case to this Court pursuant to 28 U.S.C. § 1331 because Count I of Daniels' Complaint asserts a claim under the Fair Labor Standards Act.  Count II of Daniels' Complaint, entitled "Indiana Statutory Penalties for Unpaid Wages," alleges Centennial failed to pay him all

wages due and seeks treble damages and attorney's fees and costs pursuant to I.C. 22-2-5 and I.C. 2-2-9.  [*Complaint Count II, paragraphs 17 – 21.*]  Count III of Daniels' Complaint, entitled "Retaliatory Termination," alleges Daniels suffered a "hostile work environment" and "harassment," that he complained of this harassment, and that Centennial terminated his employment "as retaliation for Plaintiff's accusations of harassment by Centennial's employees."  Daniels asks the Court to award actual damages, punitive damages and attorney's fees and costs pursuant to Count III of his Complaint.  [*Complaint Count III, paragraphs 22-34.*]

## II.  FACTS AS ALLEGED BY PLAINTIFF

Daniels was employed by Centennial from approximately July 2008 to February 2009.  [*Complaint, paragraph 3.*][1]  Centennial terminated Daniels' employment effective on or about February 29, 2009.  [*Complaint, paragraph 30.*]

## III.  PROCEDURAL STANDARD

The federal rules of civil procedure require Daniels to provide a "short and plain statement" showing he is entitled to relief.  Fed. R. Civ. P. 8(a).  This statement must give Centennial fair notice of what his claims are and the grounds upon which they rest.  Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed2d 929 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations omitted).  Taking Daniels' allegations as true and drawing all reasonable inferences in his favor, this Court must determine whether Daniels' factual allegations are sufficient "to raise a right to relief above the speculative level."  Id.  If so, he may

---

[1] Centennial reserves the right to contest any and all facts stated in Daniels Complaint, but accepts those facts as true for purposes of this motion as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2

proceed in his attempt to prove his claims.  Id.  If not, he has failed to state a claim upon which relief can be granted and this Court must dismiss his claims.  Id.; Fed. R. Civ. P. 12(b)(6).

### IV.  ARGUMENT

**A.  Count II "Indiana Statutory Penalties for Unpaid Wages.**

**1.  Indiana Wage Payment Act, I.C. § 22-2-5.**

Count II of Daniels' Complaint asserts a claim for unpaid wages pursuant to sections 22-2-5 and 22-2-9 of the Indiana Code.  At paragraph 30 of his Complaint Daniels asserts that Centennial terminated his employment.  The Indiana Wage Payment Act, Indiana Code Section 22-2-5 *et seq.* applies to current employees and employees who have left employment voluntarily.  I.C. § 22-2-5-1; St. Vincent Hospital v. Steele, 766 N.E.2d 699, 705 (Ind.2002).  According to his own factual allegations, Daniels was terminated from employment involuntarily.  [*Complaint, paragraph 30.*]  Accordingly, he cannot assert a claim under I.C. 22-2-5.  I.C. § 22-2-5-1; Steele, 766 N.E.2d at 705.  Moreover, the Indiana Wage Claims Act does not apply to salaried employees who are eligible for overtime compensation.  I.C. § 22-2-5-1.1 ("Salaried employees who are eligible for overtime compensation under the Fair Labor Standards Act (29 U.S.C. 201 et seq.) are specifically exempted from section 1 of this chapter.")

To the extent Count II of Plaintiff's Complaint asserts a claim under the Indiana Wage Payment Act, I.C. 22-2-5, it fails to state a claim upon which relief can be granted because that statute applies only to individuals who are currently employed or left employment voluntarily. I.C. § 22-2-5-1; Steele, 766 N.E.2d at 705.  Daniels does not claim to fall into this category. Accordingly Daniels does not fall within the class of persons protected by the Indiana Wage Payment Act and this Court should dismiss Count II of his Complaint.

### 2. Indiana Wage Claims Act, I.C. § 22-2-9.

The Indiana Wage Claims Act, I.C. 22-2-9, *et. seq.* "applies to employees who have involuntarily separated from employment." Lemon v. Wishard Health Services, 902 N.E.2d 297, 300 (Ind. App. 2009); I.C. § 22-2-9-2; Steele, 766 N.E.2d at 705. According to Daniels' own allegations, Centennial terminated his employment. Accordingly, if he wishes to pursue a claim for alleged unpaid wages, Daniels must proceed under the Indiana Wage Claims Statute, I.C. 22-2-9, *et. seq.* However, individual plaintiffs do not have the right to file a claim under the Indiana Wage Claims Act, I.C. 22-2-9, directly in Court. Steele, 766 N.E.2d at 705; Lemon, 902 N.E.2d at 300. I.C. § 22-2-9-4(a) provides: "It shall be the duty of the commissioner of labor to enforce and to insure compliance with the provision of this chapter, and to institute or cause to be instituted actions for penalties and forfeitures provided under this chapter." *See also* Steele, 766 N.E.2d at 705. "It is evident that the Wage Claims Act contemplates that a claimant *must* approach the DOL before he or she is entitled to file a lawsuit in court to seek unpaid wages or penalties." Lemon, 902 N.E. 2d at 300. To the extent Count II of Daniels' Complaint asserts a claim under I.C. 22-2-9, it fails to state a claim upon which relief can be granted. Accordingly, this Court should dismiss Count II of Daniels' Complaint.

### B. Count III "Retaliatory Termination"

#### 1. **Indiana Strictly Adheres to the At-Will-Employment Doctrine**

The presumption of at-will employment is strong in Indiana. Orr v. Westminster Village North, 689 N.E.2d 712, 717 (Ind. 1997). Absent a contract of employment for a specific duration, employment in Indiana is presumed to be "at-will" and terminable by either party, at any time, with or without cause. Id. "In Indiana, an employee at will may be discharged for any reason or no reason at all." Romack v. Public Service Co., 499 N.E.2d 768, 772. (Ind. Ct. App.

4

1986) (adopted in substantial part and incorporated by Romack v. Public Service Co., 511 N.E.2d 1024 (Ind. 1987).

Indiana recognizes only three exceptions to the at will employment doctrine. Orr, 689 N.E.2d at 718. First, if an employee can show he provided his employer "adequate independent consideration" he may attempt to prove he had an enforceable employment contract. Id.; Romack v. Public Service Co., 511 N.E.2d 1024, 1026 (Ind. 1987) (adopting in substantial part and incorporating Romack v. Public Service Co., 499 N.E.2d 777 (Ind. Ct. App. 1986)). Second, Indiana Courts recognize "a public policy exception to the employment-at-will doctrine if a clear statutory expression of a right or duty is contravened." Orr, 689 N.E.2d at 718. For example, in Indiana it is unlawful for an employer to terminate an employee solely for filing a worker's compensation claim or because he refused to commit an illegal act for which he could be held personally liable. Frampton v. Central Indiana Gas Co., 297 N.E.2d 425 (Ind. 1973); McClanahan v. Remington Freight Lines, Inc., 517 N.E.2d 390 (Ind 1988). Finally, in very limited instances, a terminated employee may attempt to invoke the doctrine of promissory estoppel. Orr, 689 N.E.2d at 718; Jarboe v. Landmark Community Newspapers, 644 N.E.2d 118, 121-122 (Ind. 1994). However, a Plaintiff must plead promissory estoppel "with particularity" and must assert that his employer made a promise and that he relied on that promise to his detriment. Orr, 689 N.E.2d 718.

### 2. Daniels' Complaint Allegations Are Insufficient to State A Claim Under Any Exception to the At-Will Employment Doctrine.

Daniels' Complaint makes no reference to any type of employment contract. Accordingly, by his own account Daniels was employed at-will. Because Daniels was an employee at will, Centennial was legally permitted to terminate his employment "at any time for good reason, bad reason, or no reason at all." Sample v. Kinser Ins. Agency, 700 N.E.2d 802,

5

805 (Ind. Ct. App. 1998); Orr, 689 N.E.2d at 717; Romack, 499 N.E.2d at 772.  Daniels does not assert that he provided Centennial "adequate independent consideration" and therefore he has not raised a contractually based claim of the type recognized in Romack v. Public Service Co., 511 N.E.2d 1024, nor does he argue promissory estoppel.  Count III of Daniels' Complaint alleges:  "Plaintiff was subjected to a hostile work environment during his term of employment with Defendant.  Defendant's employees, including, but not limited to Justin Smith, subjected Plaintiff to harassment involving physical touching with sexual overtones." [*Complaint, paragraph 23.*]  Daniels goes on to allege that the harassment persisted despite his report to members of Centennial's management team.  [*Complaint, paragraphs 24-29.*]  Finally, Daniels claims Centennial terminated his employment "as retaliation for Plaintiff's accusations of harassment by Defendant's employees." [*Complaint, paragraph 30.*]  Daniels purports to bring his "retaliatory termination" claim under Indiana law.  [*Complaint, paragraph 31.*]  To the extent Daniels asserts a claim under the Indiana Civil Rights Statute, he has failed to state a claim upon which a Court can grant relief as I.C. § 22-9-1-6(e) requires he submit any such claim to the Indiana Civil Rights Commission.[2]  Moreover, Indiana Courts have refused to allow Plaintiffs to use the public policy exception set forth in Frampton and McClanahan to circumvent the exclusive jurisdiction of the Civil Rights Commission.  *See* Montgomery v. Board of Trustees of Purdue University, 849 N.E.2d 1120, 1128-1129 (Ind. 2006) (refusing to extend Indiana's very limited public policy violation exception to the at-will employment doctrine to include claims of discrimination on the basis of age).  As the Indiana Supreme Court reaffirmed in 2007, exceptions to the at-will doctrine are "narrow" and the "'employment at will doctrine has

---

[2] If Daniels were to attempt to proceed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, his claim would still be barred because Daniels does not allege he filed a charge of discrimination with the Equal Employment Opportunity Commission or that he received a notice of right to sue, both of which are prerequisites to filing suit under Title VII.  42 U.S.C. §2000e-5.

6

steadfastly been recognized and enforced as the public policy of this state." Meyers v. Meyers d/b/a Meyers Construction, Inc., 861 N.E.2d 704, 706-707 (Ind. 2007) (See also discussion of various situations in which the Court has refused to extend the *Frampton* exception including, termination for filing an unemployment compensation claim, termination for refusing to submit to a polygraph examination, and termination for truthfully reporting supervisor's improper activities.)

Daniels has failed to present facts sufficient to form the basis for a claim under any exception to the at-will employment doctrine recognized in Indiana. Count III of his Complaint fails to state a claim upon which relief can be granted, and therefore, this Court should dismiss Count III of his Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## V.  CONCLUSION

For the reasons set forth herein, Defendant, Michiana Metronet, Inc. d/b/a Centennial Wireless and Centennial Communications, by counsel, respectfully requests that this Court enter an order holding that Count II and Count III of the Complaint filed by Plaintiff, Raymond F. Daniels, III fail to state a claim upon which relief can be granted and dismissing Count II and Count III of Daniels' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

>Respectfully submitted,
>
>**STEWART & IRWIN, P.C.**
>
>*/s/ Jeffrey B. Halbert*_____
>Jeffrey B. Halbert (Attorney No. 22727-49)
>
>*/s/ Suzanne S. Newcomb*_____
>Suzanne S. Newcomb (Attorney No. 20290-41)
>
>*Counsel for Defendant, Michiana Metronet, Inc. d/b/a Centennial Wireless and Centennial Communications*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of May, 2009, the foregoing *Brief in Support of Motion to Dismiss Count II and Count III of Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted* was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

| | |
|---|---|
| John S. Bloom | Brian M. Simpson |
| jbloom@skbw.com | bsimpson@skbw.com |
| SHAMBAUGH KAST BECK & WILLIAMS | SHAMBAUGH KAST BECK & WILLIAMS |

>*/s/ Jeffrey B. Halbert*_____
>Jeffrey B. Halbert

STEWART & IRWIN, P.C.
251 E. Ohio Street
Suite 1100
Indianapolis, Indiana  46204
Telephone:       (317) 639-5454
Facsimile:        (317) 639-1319
E-mail:             jhalbert@silegal.com
                       snewcomb@silegal.com

Si-222319_1