UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| RAYMOND F. DANIELS III | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO.: 1:09-CV-00121-WCL-RBC |
| | ) | |
| MICHIANA METRONET, INC., d/b/a | ) | |
| CENTENNIAL WIRELESS and | ) | |
| CENTENNIAL COMMUNICATIONS | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court on motion by defendant Michiana Metronet, Inc., d/b/a Centennial Wireless and Centennial Communications ("Centennial") for bill of costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, and the verified declaration of its counsel Jeffrey B. Halbert.[1] The Clerk of the court issued notice on May 18, 2010 that costs would be taxed in this matter in the amount of $1,526.85. Plaintiff Raymond F. Daniels III ("Daniels") filed his objection to certain costs that same day, and Centennial filed its response on May 26, 2010.

For the following reasons, the award of costs to Centennial should be reduced to $1,277.40.

## FACTUAL BACKGROUND

The facts relevant to this motion are as follows. On April 1, 2009, Daniels filed a complaint against Centennial, his employer, alleging 1) that Centennial had not paid Daniels the wages due him for his overtime work, resulting in damages of $2,019.20 plus a federal penalty;

---

[1] Aff. of Jeffrey B. Halbert (Doc. No. 33-1).

2) that Centennial should pay treble damages under Indiana law for its failure to pay Daniels his wages; and 3) that Daniels was terminated as retaliation for his accusing a coworker of harassing him.[2] On July 24, 2009, the parties stipulated to the dismissal of the treble damages claim with prejudice and to the dismissal of the retaliatory termination claim without prejudice.[3] Daniels subsequently filed his retaliatory termination claim with the EEOC.[4] That claim is still pending.[5]

With only the wage claim remaining in the suit, Centennial took Daniels' deposition on November 18, 2009.[6] The deposition is 180 pages long in its entirety, of which 173 pages are devoted to Daniels' testimony.[7]

On February 1, 2010, Centennial filed a motion for summary judgment,[8] and the court entered judgment in favor of Centennial on May 4, 2010.[9] Centennial then filed a Bill of Costs with the clerk on May 14, 2010 asserting $1,526.85 in costs, including $350 in clerk's fees, $1,001.80 for the original deposition transcript, and $175.05 for certified copies of three other deposition transcripts.[10] On May 18, 2010, the court clerk issued notice that these costs would be taxed against Daniels.[11] Daniels filed his objection to these costs on May 18, 2010,[12] and Centennial responded to Daniels' objection on May 26, 2010.[13]

---

[2] Compl. (Doc. No. 1).
[3] Agreed Entry on Mots. to Dismiss (Doc. No. 25).
[4] Objection to Bill of Costs ¶ 4 (Doc. No. 35); Resp. to Pl.'s Objection to Bill of Costs 2 (Doc. No. 36).
[5] Objection to Bill of Costs ¶ 4 (Doc. No. 35); Resp. to Pl.'s Objection to Bill of Costs 2 (Doc. No. 36).
[6] Daniels Dep., p. 1.
[7] Daniels Dep., pp. 4-176.
[8] Mot. for Summ. J. (Doc. No. 27).
[9] Clerk's Entry of J. (Doc. No. 32).
[10] Bill of Costs (Doc. No. 33).
[11] Notice of Costs to be Taxed (Doc. No. 34).
[12] Objection to Bill of Costs ¶ 4 (Doc. No. 35).
[13] Resp. to Pl.'s Objection to Bill of Costs 2 (Doc. No. 36).

STANDARDS FOR TAXING AND REVIEWING COSTS

Unless a court order provides otherwise, "costs – other than attorneys' fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). When a district court grants a party's motion for summary judgment, that litigant is a "prevailing party" for purposes of Rule 54(d). *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 944-945 (7th Cir. 1997) (citing *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237 (7th Cir. 1985), *overruled on other grounds*, *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir.1989)). There is a "strong presumption" that the prevailing party will recover costs. *Id.* at 945 (citing *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995)). The losing party has the burden to affirmatively show that the prevailing party is not entitled to costs. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991). Generally, only misconduct by the prevailing party worthy of a penalty (including conduct which unnecessarily prolongs the proceedings) or the losing party's inability to pay will suffice to justify denying costs. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 221-22 (7th Cir. 1988).

A district court may not tax a prevailing party's costs to the losing party under Rule 54(d) unless the specific expenses sought to be taxed are authorized by a federal statute. *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 701 (7th Cir. 2008) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)). "Costs" include, among other things, fees for "printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

Prior to its amendment in 2008, § 1920 allowed the court to tax fees for "stenographic transcripts," 28 U.S.C. § 1920(2) (2007), which the Seventh Circuit had previously interpreted to

3

include deposition fees. *See, e.g.*, *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 454 (7th Cir. 1998); *see also Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991) (noting that the Supreme Court in *Crawford Fitting Co.* did not intend to prevent courts from interpreting the meaning of phrases used in § 1920). As amended, the statutory language has been broadened to allow the court to tax fees for "printed or electronically recorded transcripts." 28 U.S.C. § 1920(2) (current version). Given the historical construction of this statute in the Seventh Circuit, the amended, broader § 1920(2) continues to allow courts to tax deposition costs to the losing party.

Assuming that a given expense is an allowable cost item, the district court has broad discretion in determining whether the cost was reasonably necessary to the conduct of the litigation and whether the amount of the cost is reasonable. *Illinois v. Sangamo Const. Co.*, 657 F.3d 855, 864 (7th Cir. 1981). The determination of a deposition's necessity under 28 U.S.C. § 1920 is made in light of the facts known at the time of the deposition, without regard to intervening developments that render the deposition unnecessary. *Mother & Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003). Introduction of a deposition at trial is not a prerequisite to taxability in a federal court. *Id.*

The clerk may tax costs on fourteen days' notice. Fed. R. Civ. P. 54(d)(1). On motion served within the next seven days, the court may review the clerk's action. *Id.*

## DISCUSSION

Daniels presents three arguments in opposition to the costs Centennial seeks to recover from him. First, Daniels alleges that he should not have to pay the entire cost of his deposition by Centennial because "approximately half" of it was spent on questions related to his

4

previously-dismissed retaliatory termination claim and therefore had "no relevance" to the wage claim at issue in this case.[14]  For its part, Centennial states that only pages 153-170 of the deposition related to the retaliatory termination claim.[15]  Second, Daniels claims that he is "virtually indigent" and thus unable to pay the costs Centennial seeks from him.[16]  Third, Daniels claims that his actual damages were approximately $750, and that granting costs in excess of that amount would "effectively chill Plaintiff's, or any similarly situated plaintiff's, ability to pursue a recovery under similar circumstances."[17]

### A.  *Necessity of Daniels' Deposition*

Daniels' first objection is based on § 1920(2)'s requirement that deposition costs be "necessarily obtained for use in the case."  Since Daniels' retaliatory termination claim had already been dismissed, the issue is whether the portions of his deposition related to his retaliatory discrimination claim were necessary for use in his federal wage claim.  A comparison of the evidence necessary to sustain each claim shows that they were not.  The federal wage claim involved evidence related to Centennial's compensation plan, Daniels' work schedule, and other wage-related evidence, whereas the retaliatory termination claim involved evidence related to the conduct of Daniels' coworkers, Daniels' ability to meet quotas in the months preceding his termination, Centennial's response to Daniels' harassment complaint, and other circumstances surrounding Daniels' termination.  There is little, if any, overlap between the two claims aside

---

[14] Objection to Bill of Costs ¶ 6 (Doc. No. 35).
[15] Resp. to Pl.'s Objection to Bill of Costs 2 (Doc. No. 36).
[16] Objection to Bill of Costs ¶ 8 (Doc. No. 35).
[17] Objection to Bill of Costs ¶¶ 9-10 (Doc. No. 35).

from background information regarding the employer-employee relationship between Centennial and Daniels.[18]

Centennial calls attention to the fact that Ms. Newcomb, counsel for Centennial, "concluded that it was necessary to the defense of Mr. Daniels' FLSA claim and preparation for trial to briefly question Mr. Daniels regarding his pending EEOC charge against Defendant" because that line of questioning was "relevant to Mr. Daniels' credibility as well as his knowledge of Centennial's internal complaint procedure and possibly other issues."[19] The nature of the questioning, however, contradicts that assertion. Even if Daniels' knowledge of Centennial's internal complaint procedure were relevant to Daniels' wage claim, Ms. Newcomb only questioned Daniels on Centennials' response to *his own* complaint, not on Centennial's procedure for handling complaints in general.[20] And while Daniels' credibility may have been relevant or even necessary to the wage issue, it was not necessary to question Daniels on his unrelated retaliatory termination charge in order to establish his credibility. To hold otherwise would strip § 1920(2) of its efficacy, allowing a prevailing party to recover costs for any deposition transcript, regardless of its subject matter, by simply alleging that it was relevant to establish the credibility of the party or person deposed.

Centennial further argues that the line of questioning related to Daniels' retaliatory termination claim was necessary because the claim was dismissed without prejudice and, at the

---

[18] Centennial points out that Daniels' attorney did not object to the line of questioning related to Daniels' retaliatory termination claim. However, Centennial has cited no case law, nor has the court found any, supporting the proposition that an attorney's failure to object to a line of questioning during a deposition should influence the court's analysis of the relevance of that line of questioning. The court will therefore disregard this argument in conducting its analysis.
[19] Aff. of Suzanne S. Newcomb ¶ 4 (Doc. No. 36-1).
[20] Daniels Dep., pp. 153-170.

time of Daniels' deposition, was pending before the EEOC and thus could have been re-incorporated into the litigation.[21] The problem with this argument is that "[t]he determination of a deposition's necessity under 28 U.S.C. § 1920 is made in light of the facts known *at the time of the deposition*." *Mother & Father*, 338 F.3d at 712 (7th Cir. 2003) (emphasis added); *see also Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 718 (D.C. Ill. 1982) ("The standard for awarding the cost of depositions is not whether the deposition was related to an issue presented at trial but whether it was related to an issue which was *present in the case at the time the deposition was taken*.") (emphasis added). Here, Centennial knew that the retaliatory termination claim was pending before the EEOC at the time of the deposition,[22] and while there was a *possibility* that the claim could have been re-incorporated into the litigation before this court, it was not at that time *necessary* to depose Daniels with regard to that claim. Centennial's argument in this regard therefore fails.

Having concluded that the line of questioning related to Daniels' retaliatory termination claim was not reasonably necessary to the federal wage issue, there remains the question of whether the cost of a deposition that is only partially relevant to the subject of the case before the court should be taxed as a whole or in accordance with the percentage of the deposition which was necessarily obtained for use in the case. This issue appears to fall within the broad discretion of the district court in taxing costs against the losing party.[23] This court finds no

---

[21] Resp. to Pl.'s Objection to Bill of Costs 2 (Doc. No. 36).
[22] Agreed Entry on Mots. to Dismiss (Doc. No. 25). The fact that Centennial knowingly stipulated to the dismissal of Daniels' retaliatory termination claim distinguishes the present case from *Hall v. Forest River, Inc.*, 2008 U.S. Dist. LEXIS 31557, where the defendant "couldn't have known during trial preparation that the court eventually would exclude evidence of [the plaintiff's] worker's compensation claim." *Hall v. Forest River, Inc.*, 2008 U.S. Dist. LEXIS 31557 at *4.
[23] This court has found no controlling authority on this issue.

7

problem in dividing the deposition into necessary and unnecessary sections and taxing the costs of the deposition accordingly.

The court thus turns to the task of dividing the deposition into necessary and unnecessary sections. Centennial urges that only pp. 153-170 of the deposition covered Daniels' retaliatory termination claim,[24] while Daniels claims that "approximately half" of the deposition related to the claim.[25] Not surprisingly, the truth lies somewhere in the middle. Centennial is correct in stating that pp. 153-170 relate directly to the retaliatory termination claim. But a discussion of the circumstances surrounding Daniels' termination, including his ability to meet quotas in the months preceding his termination, begins at the bottom of p. 124 and continues through p. 149. Thus, the deposition testimony appearing on pp. 125-149 and 153-170 is unnecessary for use in this case. That amounts to 43 pages, or 24.9% of Daniels' 173-page testimony. As Daniels points out, that is a "material portion of the deposition" which has "no relation" to the claim for which this court granted judgment to Centennial. The court will therefore reduce by 24.9% the costs Centennial seeks to recover from Daniels that are associated with Daniels' deposition. This amounts to $249.45,[26] reducing the total amount which Centennial may collect against Daniels to $1,277.40.[27]

---

[24] Resp. to Pl.'s Objection to Bill of Costs 2 (Doc. No. 36).
[25] Objection to Bill of Costs ¶ 6 (Doc. No. 35).
[26] The total costs related to Daniels' deposition, including certified copies, amounts to $1,001.80. 24.9% of that amount equals $249.45.
[27] $1,526.85 (initial amount sought) - $249.45 (unnecessary deposition costs) = $1,277.40. If Daniels does bring his retaliatory termination claim against Centennial and Centennial prevails, Centennial may then seek to recover the $249.45 it did not recover here under Fed. R. Civ. P. 41(d)(1).

### B. Daniels' Indigence

Daniels' second argument in opposition to the costs Centennial seeks to recover from him is that he is "virtually indigent."[28] In support of this contention, Daniels states in his objection that he has lost his home through repossession and has been either "unemployed or underemployed for most of the time since his termination by Defendant."[29] Centennial, however, correctly points out that in order to be absolved from the obligation to pay costs to the prevailing party because of indigence, the losing party must "provide the district court with sufficient documentation to support such a finding." *Riviera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) (internal quotation marks omitted). This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. *Id.* Here, Daniels has provided no such documentation. His bare assertion of indigence in his objection does not constitute sufficient documentation to support a denial of costs to Centennial.

### C. Limiting Centennial's Recovery of Costs to Daniels' Actual Damages

Daniels' third and final argument in opposition to the costs Centennial seeks to recover is that any costs taxed against Daniels should be limited to the amount of his actual damages.[30] Daniels sets that figure at $750 without further explanation.[31] It is unclear to this court exactly how Daniels arrived at that figure, given that his complaint asserted damages in excess of $2,000.[32] In any event, Daniels cites no authority, nor has any been found, supporting the

---

[28] Objection to Bill of Costs ¶ 8 (Doc. No. 35).
[29] Objection to Bill of Costs ¶ 8 (Doc. No. 35).
[30] Objection to Bill of Costs ¶ 10 (Doc. No. 35).
[31] Objection to Bill of Costs ¶ 9 (Doc. No. 35).
[32] Compl. ¶ 14 (Doc. No. 1).

9

proposition that costs recoverable by a prevailing party should be limited to the plaintiff's claimed actual damages. Although nothing prohibits the court from so holding, the court is not persuaded by Daniels' argument that granting Centennial costs in excess of Daniels' claimed possible recovery would "effectively chill [Daniels'], or any similarly situated plaintiff's, ability to pursue a recovery under similar circumstances."[33] Plaintiffs should conduct a risk-benefit analysis at the outset of their respective cases to determine whether, in their judgment, the risk of losing the case and incurring the expenses associated with doing so is worth the possibility of recovery. *See McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994) (noting that non-indigent litigants "must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook"). Here, Daniels apparently concluded that the possibility of recovery outweighed the risks involved with litigation. He does not assert that the expenses incurred by Centennial were unreasonable except insofar as he alleged in his first argument. Having initiated this suit against Centennial and now lost, Daniels must foot the costs that Centennial incurred in defending the suit as provided under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

In short, Daniels is correct in pointing out that material portions of his deposition transcript were not necessarily obtained for use in the case as required by 28 U.S.C. § 1920(2). For that reason, Centennial's recovery of costs from Daniels should be limited to $1,277.40. Daniels' other arguments opposing the taxation of costs against him lack evidence, merit, or both, and are thus rejected.

---

[33] Objection to Bill of Costs ¶ 10 (Doc. No. 35).

CONCLUSION

On the basis of the foregoing, Centennial's request for costs [DE 33] is hereby granted in the amount of $1,277.40, and Daniels' Objection to Bill of Costs [DE 35] is therefore GRANTED IN PART and DENIED IN PART.


Entered: July 1, 2010.

                                                    s/ William C. Lee
                                                  William C. Lee, Judge
                                                  United States District Court